```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/13/2024  
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YOLANDA BOOKER, DARNELL EDWARDS, CHAASAHN HUGHES, and RAYSHAWN SHAW, individually and on behalf of themselves and all current and former employees,

                        Plaintiffs,

-against-

KFB & ASSOCIATES CONSULTING INC d.b.a FLAGGERS AHEAD, ELECNOR HAWKEYE LLC, CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., KLAUS F. BROSCHEIT and VICKI BROSCHEIT,

                        Defendants.

23 Civ. 10921 (AT)

**ORDER**

ANALISA TORRES, District Judge:

       The Court has reviewed Plaintiffs' motion dated March 12, 2024.  Mot., ECF No. 41; *see* Davis Decl., ECF No. 42.  Plaintiffs request leave to serve Defendant KFB & Associates Consulting Inc d.b.a. Flaggers Ahead, Klaus F. Broscheit, and Vicki Broscheit (the "KFB Defendants")[1] by email.  Mot.; *see* Davis Decl. ¶ 23.  For the reasons stated below, Plaintiffs' motion is DENIED without prejudice to renewal.

       Under Federal Rule of Civil Procedure 4(e), an individual may be served pursuant to the procedures allowed by state law in the state in which the district court is located.  Fed. R. Civ. Proc. 4(e)(1).  "New York state law provides a number of specified methods for serving individuals, and further provides that service may be effectuated 'in such manner as the court, upon motion without notice, directs, if service is impracticable' under the other specified methods of service."  *Shamoun v. Mushlin*, No. 12 Civ. 3541, 2013 WL 91705, at *2 (S.D.N.Y. Jan. 8, 2013) (citing N.Y. C.P.L.R. § 308(5)).  "Section 308(5) requires a showing of impracticability, under the facts and circumstances of the case, but does not require proof of due diligence or of actual prior attempts to serve a party under the other provisions of the statute."  *Marvici v. Roche Facilities Maint. LLC*, No. 21 Civ. 4259, 2021 WL 5323748, at *2 (S.D.N.Y. Oct. 6, 2021) (citation omitted).  The meaning of "impracticability" depends on the facts and circumstances of the particular case.  *S.E.C. v. HGI, Inc.*, No. 99 Civ. 3866, 1999 WL 1021087, at *1 (S.D.N.Y. Nov. 8, 1999).

       The Court finds that Plaintiffs have shown that personal service is impracticable.  *Marvici*, 2021 WL 5323748, at *2–3; *Urbont v. Sony Music Ent.*, No. 11 Civ. 4516, 2012 WL 1592519, at *3 (S.D.N.Y. May 4, 2012).  Plaintiffs' process servers have repeatedly attempted to serve the KFB

---

[1] Klaus F. Broscheit and Vicki Broscheit are the owners of KFB & Associates Consulting Inc.  Davis Decl. ¶ 11.

Defendants at their addresses. *See* Davis Decl. ¶¶ 15–19. And, after diligent efforts, Plaintiffs have been unable to locate additional addresses for the KFB Defendants. *See id.* ¶ 20.

Next, Plaintiffs must show a likelihood that the KFB Defendants will be reached by the alternative means he suggests. *See Marvici*, 2021 WL 5323748, at *5. "Constitutional notions of due process require that any means of service be reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at *3 (quotation marks and citation omitted). "Service by email alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." *F.T.C. v. PCCare247 Inc.*, No. 12 Civ. 7189, 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013) (citation omitted). "To meet the due process standard of demonstrating that service via email is likely to reach a defendant, a plaintiff must submit something more than a bare assertion or conclusion that the email will likely reach the defendant." *Ortiz v. CM Pro. Painting Corp.*, No. 21 Civ. 821, 2022 WL 784473, at *3 (E.D.N.Y. Mar. 14, 2022).

Plaintiffs state that they have identified the email addresses for Klaus F. Broscheit and Vicki Broscheit using a background check service. *See* Davis Decl. ¶ 21 & Ex. 4. This assertion is insufficient to establish that there is a "high likelihood that [D]efendants would receive and respond to email communications" at these addresses. *PCCare247*, 2013 WL 841037, at *4. Plaintiffs have not provided evidence, for example, that the KFB Defendants have recently used the email addresses, or that they predominantly conduct business through the addresses. *See Ortiz*, 2022 WL 784473, at *3. Without more, the Court is unable to conclude that emails sent to the addresses Plaintiffs identify would actually reach the KFB Defendants.

Accordingly, Plaintiffs' request to serve the KFB Defendants by email is DENIED without prejudice to renewal. The Clerk of Court is directed to terminate the motion at ECF No. 41.

SO ORDERED.

Dated: March 13, 2024
       New York, New York

_____
ANALISA TORRES
United States District Judge