```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6/12/2024   
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YOLANDA BOOKER, DARNELL EDWARDS, CHAASAHN HUGHES, and RAYSHAWN SHAW, individually and on behalf of themselves and all current and former employees,

Plaintiffs,

-against-

KFB & ASSOCIATES CONSULTING INC d.b.a JURY TRIAL DEMANDED
FLAGGERS AHEAD, ELECNOR HAWKEYE LLC, CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., KLAUS F. BROSCHEIT and VICKI BROSCHEIT,

Defendants

23 Civ. 10921 (AT)

**ORDER**

ANALISA TORRES, District Judge:

  The Court is in receipt of the parties' stipulated dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A).  ECF No. 49.  In *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), the Second Circuit expressly left open the question of whether parties may dismiss Fair Labor Standards Act ("FLSA") cases without court approval by entering into a Rule 41(a)(1)(A) stipulation without prejudice.  *Id.* at 201 n.2.  In *Samake v. Thunder Lube, Inc.*, 24 F.4th 804 (2d Cir. 2022), however, the Circuit clarified that courts must evaluate such purported dismissals to ensure that "no settlement exist[s]"—in other words, that the parties are not attempting to skirt the binding effect of *Cheeks*.  *Id.* at 810–11.

  The stipulation of dismissal states that the parties have "conferred regarding the mutual benefits of consolidating claims" with an earlier filed state-court matter, and that Plaintiffs have "decided to forgo claims again Con Edison for strategic and other reasons."  ECF No. 49.  By **June 19, 2024**, the parties shall submit a joint letter certifying that there has been no settlement of FLSA claims.  If the parties are unable to certify that there has been no settlement, they must request *Cheeks* review of the settlement reached.  *See* 796 F.3d at 206.

  SO ORDERED.

Dated: June 12, 2024
   New York, New York

_____
ANALISA TORRES
United States District Judge